In the Matter of FRANCES KAHN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 10, 1969.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

No appearance by respondent.

*Per Curiam.* Respondent was admitted to practice in the First Judicial Department on March 21, 1952. She was convicted, after trial, in the United States District Court, Southern District of New York, of obstructing justice, and conspiracy so to do, in violation of various sections of title 18 of the United States Code, and sentenced to serve two years' imprisonment. The conviction was affirmed on November 18, 1966, and on March

1, 1967 respondent was committed to the Federal Reformatory for Women at Alderson, West Virginia.

On July 24, 1967, on motion of the Grievance Committee, and opposed by the affidavit of respondent, this court ordered that respondent be " suspended from practice as an attorney and counselor-at-law in the State of New York from the date of the entry of this order and until the further order of this Court ".

On August 1, 1967 a copy of the aforesaid order, with notice of entry thereof, was served on respondent by mail, addressed to her at Women's Penitentiary, Alderson, West Virginia, that being the address given by her in the last paper theretofore served by her in this proceeding. The Grievance Committee has not heard from respondent since this court so suspended her, and her suspension has not been lifted.

On October 7, 1968, respondent was released from prison by way of a mandatory discharge, without supervision. Following her release, and failure to communicate with the committee, the committee endeavored unsuccessfully to locate her whereabouts so as that she might defend against and it could proceed to hear the charges profferred against her. In view of her disappearance, apparent indifference, and inability to locate her, a hearing was held by the Referee on April 3, 1969. The evidence adduced fully sustained the three charges of misconduct attributed to her, the first of which was based upon the conviction above referred to. The second charge alleged that respondent failed to uphold the honor and maintain the dignity of the legal profession, in short she hired, as her legal secretary and law clerk, to assist her, and who did assist her, in her professional activities, one Israel Schawartzberg, whom she knew to have been convicted, and to have spent time in State prison, for a succession of crimes, i.e., twice for attempted grand larceny, once for unlawful possession of a pistol, once for conspiracy to commit robbery, once for conspiracy to commit bribery and four times for bookmaking.

The third charge alleged that respondent failed to guard the Bar against the admission to the profession of an unfit and unqualified candidate, in that, with her knowledge of Schawartzberg's criminal past, respondent, to authorize said Schawartzberg to commence the study of law in her office as a prerequisite to admission to the Bar of the State of New York, filed a " Certificate of Commencement of Clerkship " in her office on Schawartzberg's behalf with the Clerk of the Court of Appeals under the rules of that court.

The respondent has engaged in conduct which strikes at the very heart of the profession and has evidenced a total disinterest in maintaining her status as a member of the Bar. (*Matter of Chachkes*, 262 App. Div. 889.) She has, in our opinion, demonstrated her moral unfitness to continue as a member of the profession. (*Matter of Schner*, 5 A D 2d 599.) Motion to confirm the report of the Referee should be granted, respondent disbarred, and her name ordered to be struck from the roll of attorneys.

STEVENS, P. J., EAGER, McGIVERN, MARKEWICH and NUNEZ, JJ., concur.

Respondent disbarred, effective August 11, 1969.